**UEBERSEE FINANZ-KORPORATION, A.G., LIESTAL, SWITZERLAND, Plaintiff,**

**Fritz Von Opel, Intervener Plaintiff,**

**v.**

**Herbert BROWNELL, Jr., Attorney General and as Successor to the Alien Property Custodian, Defendant,**

**Frima Trust Establishment of Vaduz, Liechtenstein, Hans Frankenberg, Eugen Meier and Adolf Gaeng, Intervener Defendants.**

**Civ. A. No. 26453.**

United States District Court, District of Columbia.

Dec. 20, 1954.

See also, D.C., 121 F.Supp. 420; D. C., 13 F.R.D. 458.

Edward J. Ennis, New York City, Arnold, Fortas & Porter, and Thurman Arnold, Washington, D. C., for plaintiff and interveners.

Dallas S. Townsend, Asst. Atty. Gen., James S. Hill, New York City, Walter. T. Nolte, Myron C. Baum, Department of Justice, Washington, D. C., for defendant.

LAWS, Chief Judge.

In a division of stock in this Swiss corporation between the United States and intervener Fritz von Opel, granting that the latter is a neutral, the laws of Germany have determined the extent of the respective interests. The rights to which each party are entitled were created by a legal instrument executed in Germany; they are rights known in German law, but may not exist in the same form according to the laws of other countries.

The opinion of the Supreme Court of the United States in Kaufman v. Societe Internationale Pour Participations Industrielles et Commerciales, S.A., 1952, 343 U.S. 156, 72 S.Ct. 611, 96 L.Ed. 853, indicates that the division must be made proportionate to the holdings, and not in terms which would require the parties to accept whatever proceeds can be obtained by a forced sale in the market. The respective percentage of the holdings of intervener, if he is a neutral, and of the United States, standing in the shoes of intervener's alien enemy parents, have hitherto not been determined. The gift agreement does not define in terms what these values are.

If this were a case where there were other independent holdings in addition to those created from the proceeds of the German gift agreement, it would be necessary to allocate these interests by looking to the charter of incorporation and Swiss law. Here, however, the legal title to the Swiss corporation is in the name of intervener, the only matter with which Swiss law is concerned. The indirect ownership and control of the corporation by his parents arose not from charter or Swiss law, but through the German gift agreement as interpreted by German law. The interests of the title holder as related to the holder of the usufruct were fixed proportions defined by German law from the time the agreement was executed, regardless of the property into which the subject matter of the agreement was converted. German law was invoked as controlling to determine the proportion in terms of rights, and it appears German law must also control in defining the proportions in terms of percentages.

Defendant's motion for an order declaring inadmissible upon further trial expert testimony on Swiss law as to the value of intervener's severable interest will be granted.